# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **THOMAS JOHNSON,** ) | |
| ) | |
| **Plaintiff(s),** ) | |
| ) | |
| v. ) | **CIVIL ACTION NO.:** |
| ) | **1:20-cv-00452-CLM** |
| **CIRCLE K STORES, INC., et al.** ) | |
| ) | |
| ) | |
| **Defendant(s).** ) | |

_____

### CIRCLE K STORES, INC.'S ANSWER TO
### PLAINTIFF'S FIRST AMENDED COMPLAINT

_____

Defendant Circle K Stores, Inc.'s, answers Plaintiff's First Amended Complaint as follows:

1. Circle K denies the material allegations in paragraph one (1) of Plaintiff's First Amended Complaint and demands strict proof thereof.

2. Circle K denies the material allegations in paragraph two (2) of Plaintiff's First Amended Complaint and demands strict proof thereof.

3. Circle K denies the material allegations in paragraph three (3) of Plaintiff's First Amended Complaint and demands strict proof thereof.

4. Circle K denies the material allegations in paragraph four (4) of Plaintiff's First Amended Complaint and demands strict proof thereof.

5. Circle K denies the material allegations in paragraph five (5) of Plaintiff's First Amended Complaint and demands strict proof thereof.

6. Circle K denies the material allegations in paragraph six (6) of Plaintiff's First Amended Complaint and demands strict proof thereof.

## FIRST DEFENSE

Defendant denies that it was guilty of any negligence or wantonness which proximately caused or contributed to the cause of Plaintiff's alleged injuries and damages.

## SECOND DEFENSE

Defendant avers that on the occasion of the accident made the basis of this suit, Plaintiff was guilty of negligence which proximately contributed to cause Plaintiff's alleged injuries and damages.

## THIRD DEFENSE

Plaintiff's injuries and damages, none of which are admitted but are expressly denied, were not the result of any acts or omissions of Defendant but were the result of acts or omissions of other persons or entities.

**FOURTH DEFENSE**

Plaintiff is barred from recovering under the First Amended Complaint in that there is no causal connection or relationship between the alleged negligence or wantonness of Defendant and Plaintiff's alleged injuries or damages.

**FIFTH DEFENSE**

Defendant avers that Plaintiff is not the proper party to prosecute this action.

**SIXTH DEFENSE**

Defendant avers that Plaintiff assumed the risk of Plaintiff's alleged injuries and damages.

**SEVENTH DEFENSE**

Plaintiff's claims are barred in that the alleged condition complained of was open and obvious.

**EIGHTH DEFENSE**

Plaintiff's claims are barred by collateral estoppel, equitable estoppel, judicial estoppel and/or *res judicata*.

**NINTH DEFENSE**

Plaintiff's First Amended Complaint, and each and every count thereof, to the extent that it seeks exemplary or punitive damages, violates Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and under the Constitution of the State of Alabama, and, therefore, fails

to state a cause of action under which either punitive or exemplary damages may be awarded.

## TENTH DEFENSE

Plaintiff's First Amended Complaint, in each and every count thereof, to the extent that it seeks punitive or exemplary damages, violates Defendant's right to protection from "excess fines" as provided in the Eighth Amendment of the United States Constitution and Article I, Section 15 of the Constitution of the State of Alabama, and violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendment to the United States Constitution and provided in the Constitution of the State of Alabama, and, therefore, fails to state a cause of action supporting the punitive or exemplary damages claim.

## ELEVENTH DEFENSE

To the extent Plaintiff seeks or requests punitive or exemplary damages, any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to Defendant under the Constitution of the United States of America.

## TWELFTH DEFENSE

To the extent Plaintiff seeks or requests punitive or exemplary damages, any award of punitive damages to Plaintiff in this case would be violative of the constitutional safeguards provided to Defendant under the Due Process Clause of

the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and not rationally related to the legitimate government concerns or interests.

### THIRTEENTH DEFENSE

To the extent Plaintiff seeks or requests punitive or exemplary damages, any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama, which provides that no person shall be deprived of life, liberty or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government concerns or interests.

### FOURTEENTH DEFENSE

To the extent Plaintiff seeks or requests punitive or exemplary damages, any award of punitive damages to Plaintiff in this case will be violative of the procedural safeguards provided to Defendant under the Sixth Amendment to the Constitution of the United States in that punitive damages are penal in nature and consequently, Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

### FIFTEENTH DEFENSE

To the extent Plaintiff seeks or requests punitive damages, it is violative of the Self-Incrimination Clause of the Fifth Amendment to the Constitution of the

United States of America to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

### SIXTEENTH DEFENSE

To the extent Plaintiff seeks or requests punitive damages, it is violative of the Self-Incrimination Clause Article I, Section 6 of the Constitution of the State of Alabama to impose against Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

### SEVENTEENTH DEFENSE

To the extent Plaintiff seeks or requests punitive damages, it is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against Defendant which are penal in nature by requiring a burden of proof by Plaintiff which is less than the "beyond a reasonable doubt" burden required in criminal cases.

### EIGHTEENTH DEFENSE

To the extent Plaintiff seeks or requests punitive or exemplary damages, any award of punitive damages to Plaintiff in this case will be violative of the Eighth Amendment of the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines Clause to the Eighth Amendment of the Constitution of the United States.

## NINETEENTH DEFENSE

To the extent Plaintiff seeks or requests punitive or exemplary damages, any award of punitive damages to the Plaintiff in this case would be violative of the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

## TWENTIETH DEFENSE

To the extent Plaintiff seeks or requests punitive or exemplary damages, the imposition of punitive damages in this case violates the Due Process Clause of Amendment V and XIV to the United States Constitution and Article I, Sections 1, 2, 6, 11, 13, 15, 27 and 35 of the Alabama Constitution, because the authorization for unlimited punitive damages awards has a substantial chilling effect on the exercise of fundamental rights to liberty and of access to the Courts.  Among other things, the present procedure and standards for imposing punitive damages are unconstitutionally vague and violate Due Process under the aforesaid State and Federal Constitution provisions by (1) failing to provide sufficiently objective and specific standards by which juries may decide whether to award punitive damages and to determine the amount of punitive damage awards; (2) failing to provide sufficiently objective and specific standards by which juries may impose punitive damages based on the culpability of alleged tort-feasors; (3) failing to provide sufficiently objective and specific standards by which juries may award punitive

damages against multiple defendant for different alleged acts of wrongdoing; (4) failing to provide sufficiently objective and specific standards by which juries may award separate judgment against alleged joint tort-feasors; (5) by failing to provide a sufficiently clear, objective and specific standard for appellate review of awards for punitive damages; and (6) by failing to provide a meaningful opportunity for challenging the excessiveness of such awards.

## TWENTY-FIRST DEFENSE

To the extent Plaintiff seeks or requests punitive or exemplary damages, the imposition of punitive damages in this case violates the Equal Protection Clause of Amendments V and XIV of the United States Constitution and deprives Defendant of the right to equal protection under the law provided in Article I, Sections 1, 6 and 22 of the Alabama Constitution, became, among other reasons, criminal defendants are placed in a position of a distinct advantage over civil defendants of comparable culpability due to the disparity in punitive treatment for similar conduct and because the absence of sufficiently objective and specific standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated defendants.

## TWENTY-SECOND DEFENSE

Defendant pleads that the protections of Ala. Code §§ 6-11-23(a) and 6-11-24 apply to this action.

## TWENTY-THIRD DEFENSE

Defendant pleads that the protections of Ala. Code §§ 6-11-20 and 6-11-21 may apply to this action.

## TWENTY-FOURTH DEFENSE

Defendant pleads that Plaintiff lacks standing and/or capacity and/or is not the proper party to prosecute this action.

## TWENTY-FIFTH DEFENSE

Defendant pleads that Plaintiff's claims are barred by lack of proximate cause.

## TWENTY-SIXTH DEFENSE

Defendant denies notice of the condition alleged in Plaintiff's First Amended Complaint.

## TWENTY-SEVENTH DEFENSE

Defendant avers Plaintiff's alleged injuries were caused by the acts of other parties.

## TWENTY-EIGHTH DEFENSE

Defendant denies that Plaintiff was injured to the nature and extent claimed and contests damages.

**TWENTY-NINTH DEFENSE**

Defendant claim as a set-off any monies received by, or paid on behalf of, the Plaintiff for the acts or injuries alleged in Plaintiff's First Amended Complaint, including insurance proceeds or settlements of any kind.

**THIRTIETH DEFENSE**

Defendant pleads as a defense that Plaintiff has failed to mitigate Plaintiff's alleged damages.

**THIRTY-FIRST DEFENSE**

Any verdict based on Plaintiff's claims for compensatory damages for pain and suffering, mental anguish or emotional distress would violate Defendant's guarantee of due process and equal protection under the laws as established by the United States Constitution and the Alabama Constitution as the standards for assessing the propriety of an amount of such damages violate constitutional prohibitions against vague and over broad laws.

**THIRTY-SECOND DEFENSE**

Plaintiff cannot recover for pain and suffering, mental anguish or emotional distress, if any, in that there is no fixed, objective and consistent standard under Alabama law for ascertaining the amount of such damages, such that any award of such damages against Defendant would violate the Fifth and Fourteenth Amendment to the United States Constitution and Article I, Section 6 and Article I, Section 15 of

the Alabama Constitution, which prohibit deprivation of life, liberty or property except by due process of law.

### THIRTY-THIRD DEFENSE

A jury award of mental anguish damages in this case will violate due process and equal protection rights guaranteed to Defendant by the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Sections 1, 6 and 22 of the Constitution of the State of Alabama of 1901. In particular, a mental anguish damage award will violate these constitutional provisions because Alabama juries are given no rule, standard or guideline upon which to rely in calculating mental anguish damage awards.

### THIRTY-FOURTH DEFENSE

Plaintiff's claims are barred by the applicable Statute(s) of Limitations.

/s/ Glenn E. Ireland
GLENN E. IRELAND (ASB-458-e51g)
VIRGINIA F. GAMBACURTA (ASB-2046-i71f)
Attorneys for Defendant, Circle K Stores, Inc.

**OF COUNSEL:**

**CARR ALLISON**
100 Vestavia Parkway
Birmingham, Alabama 35216
Telephone: (205) 822-2006
Facsimile:  (205) 822-2057
Email:  cireland@carrallison.com
         vgambacurta@carrallison.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of April, 2020, I have served a copy of the above and foregoing on counsel for all parties by:

    \_\_\_\_\_Facsimile transmission;
    \_\_\_\_\_Hand Delivery;
    \_\_\_\_\_Placing a copy of same in the United States Mail, properly addressed and first-class postage prepaid to; and/or
     XX Using the Alafile or CM/ECF system which will send notifications of such to the following:

Elizabeth Clark Bone, Esq.
950 22nd Street North, Suite 709
Birmingham, AL 35203
ecbone@outlook.com

                                          /s/ Glenn E. Ireland
                                          OF COUNSEL